# NOS. 12-19-00297-CR
## 12-19-00298-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON KEITH JOHNSON,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Brandon Keith Johnson appeals the trial court's orders revoking his community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with evading arrest in a vehicle and possession of a controlled substance. Pursuant to a plea bargain, Appellant entered a plea of "guilty" in both cases. In accordance with the plea bargain, the trial court deferred finding Appellant "guilty" in each case and placed him on community supervision with terms and conditions for five years.

Subsequently, the State filed a motion to revoke Appellant's community supervision alleging that he violated certain terms and conditions thereof. Specifically, the State alleged that Appellant violated the trial court's community supervision order by failing to submit to a drug treatment program, failing to submit for urinalysis testing, and failing to pay various court ordered fees and costs.

The trial court conducted a hearing on the State's motion, and Appellant pleaded "true" to all of the State's allegations. Following the presentation of evidence and arguments of counsel, the trial court found all the State's allegations to be "true." The trial court revoked Appellant's community supervision and sentenced him to imprisonment for eight years in the evading arrest case and imprisonment for eighteen months in the possession of a controlled substance case.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]

We have considered counsel's brief and conducted our own independent review of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We have found no reversible error.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and having found no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal of the trial court's judgment revoking Appellant's community supervision is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2020

NO. 12-19-00297-CR

**BRANDON KEITH JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0648-18)

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below revoking Appellant's community supervision be **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-19-00298-CR**

**BRANDON KEITH JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0649-18)

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below revoking Appellant's community supervision be **modified** by deleting the language in the trial court's order that states that Appellant must pay court his court appointed attorney's fees and by deleting the four hundred dollars in court appointed attorney's fees from the bill of costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*